# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

GUILLERMO ROMERO,

    Plaintiff,

v.

CFA PAINTING, INC. and
ASAEL ADAME,

    Defendants.

_____

## COMPLAINT FOR UNPAID WAGES AND UNPAID COVID-19 SICK LEAVE
_____

Plaintiff, by and through undersigned counsel, files this Complaint for Unpaid Wages and Unpaid COVID-19 Sick Leave against the above-listed Defendants.

## STATEMENT OF THE CASE

1. Defendants employed Plaintiff as a laborer in their residential painting enterprise.

2. Defendants refused to pay Plaintiff overtime premium wages for those hours he worked beyond forty each work week and beyond twelve each workday.

3. Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also violated the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1 and the prior Colorado Minimum Wage Order ("MWO") 7 C.C.R. 1103-1, because the MWA, via the COMPS and the MWO, requires employers to pay their

employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate for each hour worked beyond twelve each workday.

5. Defendants also failed to provide Plaintiff with rest periods during his shifts.

6. Defendants thus violated the MWA, via the COMPS and the MWO, because it requires employers to provide their employees with a ten-minute rest period for each four-hour work period.

7. Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, *et seq.*, which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

8. Defendants also violated the Emergency Paid Sick Leave Act ("EPSLA"), Pub.L. 116-127, by failing to inform Plaintiff of his right to paid sick leave and failing to provide Plaintiff with paid sick leave as required by that Act.

9. Plaintiff seeks actual and liquidated damages, penalties, unpaid sick leave, pre- and post-judgment interest, and attorney fees and costs resulting from Defendants' willful violations of state and federal law.

**PARTIES, JURISDICTION, AND VENUE**

10. Plaintiff Guillermo Romero was employed by Defendants from approximately December, 2019 through approximately May, 2021. Plaintiff Romero's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

11. CFA Painting is a Colorado corporation with a principal street address of 5411 Odessa Street, Denver, CO 80249.

12. Defendant Asael Adame is an owner and manager of CFA Painting, Inc.

13. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.* and the EPSLA, Pub.L. 116-127.

14. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the MWA, via the COMPS and MWO, and the CWCA. 28 U.S.C. § 1367.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

16. Plaintiff was employed by Defendants as a painting laborer.

17. Though Plaintiff regularly worked more than 40 hours each workweek, and sometimes more than twelve hours per day, Defendants refused to pay him overtime wages for overtime hours worked.

18. For example, Plaintiff worked 43.5 hours during the one-week pay period running from November 29, 2020 through December 5, 2020. During the pay period running from September 13, 2020 through September 19, 2020, Plaintiff worked 56 hours, and during the pay period running from May 2, 2021 through May 8, 2021, Plaintiff worked 53.3 hours. Defendants refused to pay Plaintiff overtime premiums for the hours he worked beyond 40 each workweek and 12 each workday during these and all other pay periods during his tenure of employment.

19. Defendants also failed to provide Plaintiff with compensated 10-minute break periods for each 4-hour work period.

20. Defendants also failed to inform Plaintiff of his right to paid sick leave per the EPSLA.

21. Defendants then failed to provide Plaintiff with paid sick leave when he was unable to work because he experienced symptoms of COVID-19, sought a medical diagnosis thereof, and was advised by a health care provider to self-quarantine in June, 2020. Rather than provide Plaintiff with two weeks of paid sick leave as required by law, Defendants gave Plaintiff a loan during the time he was unable to work due to COVID-19. Plaintiff repaid a portion of the loan and is due the difference between the unpaid portion of the loan and the amount of sick leave to which he was entitled, plus liquidated damages.

22. Defendants had fewer than 500 employees at all times relevant to this action.

23. Each year relevant to this action, Plaintiff handled paint brushes, paint, sandpaper, hand tools and other materials which moved in interstate commerce.

24. Upon information and belief, Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

25. Defendants engage in a painting service enterprise that offers painting services for sale to the consuming public and that generated 50% or more of its annual dollar volume of business from such sales.

26. Defendants engage in a commercial support service enterprise that provides painting services through the use of service employees.

27. Defendant Asael Adame, at all material times, exercised operational and financial control over the CFA Painting enterprise and exercised control over Plaintiff's terms and conditions of employment. For example, Defendant Adame hired and fired Plaintiff, made all important financial decisions regarding the enterprise, controlled Plaintiff's rate of pay, and made the decision to deny Plaintiff overtime pay for overtime hours worked as well as the decision to deny Plaintiff paid rest periods and paid sick leave.

28.     In March, 2021, after working for Defendants for approximately one year and four months as an hourly employee, Defendants changed Plaintiff's employment classification and misclassified him as an independent contractor. At this time, Defendants began paying Plaintiff by the house painted rather than by the hour worked. Defendants had Plaintiff register a company with the Colorado Secretary of State and obtain insurance. But Plaintiff was not an independent contractor and remained Defendants' employee because he remained dependent on Defendants for his income. Plaintiff did not run his own painting company, but performed work only on houses assigned to him by Defendants and used only paint provided to him by Defendants. Defendants continued to dictate the rate Plaintiff was paid, and to direct him as to which houses to paint. Plaintiff had no opportunity to increase profits or sustain losses because Defendants controlled the number of houses they assigned to him and refused to assign him additional work. Plaintiff made a *de minimus* capital investment in the company he registered and had no specialized skills or certifications relating to the painting work. Importantly, the work performed by Plaintiff during the alleged "independent contractor" final seven weeks of his employment was the same primary work of Defendants' enterprise – house painting.

29.    Plaintiff sent to Defendants a written demand for his unpaid overtime wages, unpaid rest period wages and unpaid sick leave on June 22, 2021. Defendants refused to tender any funds in response to Plaintiff's demand.

### FIRST CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

30.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

31.    Plaintiff was an "employee" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

32.    Both Defendants "employed" Plaintiff as that term is defined by the FLSA.  29 U.S.C. § 203(g).

33. Both Defendants were Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

34. Defendants violated the FLSA when they refused to pay Plaintiff overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

35. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

36. Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

37. Plaintiff is entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### SECOND CLAIM – Failure to Pay Overtime Premiums
### Violation of the MWA (C.R.S. § 8-6-101 *et seq.*) as implemented by the COMPS and MWO
### (7 CCR 1103-1)

38. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

39. Both Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

40. Plaintiff was both Defendants' "employee" as that term is defined by the COMPS because he performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

41. Defendants engage in a service enterprise that prepares and offers for sale a service to the consuming public and that generated 50% or more of its annual dollar volume of business from such sales and is thus covered by the MWO. 7 CCR 1103-1(2)(A).

42. Defendants engage in a commercial support service enterprise that provides painting services through the use of service employees and is thus covered by the MWO. 7 CCR 1103-1(2)(B).

43. Defendants violated the COMPS and the MWO when they refused to pay Plaintiff

6

overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday. 7 CCR 1103-1(4.1.1).

44. Defendants violated the COMPS and the MWO when they failed to provide Plaintiff with 10-minute rest periods for each 4-hour period worked.

45. Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

46. Plaintiff is entitled to recover unpaid wages, attorney fees and costs of the suit. C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### THIRD CLAIM – Failure to Pay All Earned, Vested, and Determinable Wages
### Violation of the CWCA (C.R.S. § 8-4-101, *et seq.*)

47. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

48. Defendants were Plaintiff's "employers" as that term is defined by the CWCA because they employed Plaintiff in Colorado. C.R.S. § 8-4-101(6).

49. Plaintiff was Defendants' "employee" as that term is defined by the CWCA because he performed labor for the benefit of Defendants. C.R.S. § 8-4-101(5).

50. Defendants violated the CWCA when they failed to pay Plaintiff all earned, vested and determinable wages upon termination of employment. C.R.S. § 8-4-109.

51. As a result, Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

52. Defendants incurred penalty liability under the CWCA when they failed to tender any wages due within 14 days of receipt of Plaintiff's demand for all wages due. C.R.S. § 8-4-109.

53. Plaintiff is entitled to recover in a civil action all earned and vested wages owed to him, statutory penalties and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

### FOURTH CLAIM – Failure to Provide Paid Sick Leave
### Violation of the EPSLA (Pub. L. No. 116-127)

54. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

55. Defendants were Plaintiff's "covered employers" as those terms are defined by the EPSLA because they are engaged in commerce and employed fewer than 500 employees at all times relevant to this action. Pub. L. No. 116-127, § 5110(2).

56. Plaintiff was Defendants' "employee" as that term is defined by the EPSLA. Pub. L. No. 116-127, § 5110(1).

57. Defendants violated the EPSLA when they failed to provide Plaintiff with paid sick leave when he was unable to work because he experienced symptoms of COVID-19, sought a medical diagnosis thereof, and was advised by a health care provider to self-quarantine in June, 2020. Pub. L. No. 116-127, § 5102.

58. As a result, Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

59. Plaintiff is entitled to his lost paid sick leave wages, liquidated damages, attorney fees and costs as a result of Defendants' violations of the EPSLA. Pub. L. No. 116-127, § 5105.

**WHEREFORE**, Plaintiff prays, as to his FIRST CLAIM, that:

    a. He be awarded unpaid overtime premiums;

    b. He be awarded liquidated damages as required by law;

    c. He be awarded pre-judgment and post-judgment interest as permitted by law;

    d. He be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    e. He be awarded such other and further relief as may be necessary and appropriate.

And, as to his SECOND CLAIM, that:

a. He be awarded the wages he due per C.R.S. § 8-6-118;

b. He be awarded attorney fees and costs per 7 CCR 1103-1(18);

c. He be awarded such other and further relief as may be necessary and appropriate.

And, as to his THIRD CLAIM, that:

a. He be awarded the wages earned, vested and determinable wages he is due per C.R.S. § 8-4-109;

b. He be awarded statutory penalties per C.R.S. § 8-4-109;

c. He be awarded attorney fees and costs of suit per C.R.S. § 8-4-110;

d. He be awarded such other and further relief as may be necessary and appropriate.

And, as to his FOURTH CLAIM,

a. He be awarded unpaid sick leave pay;

b. He be awarded liquidated damages as required by law;

c. He be awarded pre-judgment and post-judgment interest as permitted by law;

d. He be awarded costs and attorney fees as per Pub. L. No. 116-127, § 5105; and

e. He be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted this 30th day of September, 2021.

*s/ Brandt Milstein*
**Brandt Milstein**
MILSTEIN TURNER, PLLC
1942 Broadway, Suite 509
Boulder, CO 80302
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiff*